UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL REEVES,<br><br>      Plaintiff,<br><br>-against-<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>      Defendant. | 25-CV-3405 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who resides in Brooklyn, New York, brings this *pro se* action against the United States Department of Justice, alleging violations of his federal constitutional rights. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

  Plaintiff brings this action, alleging that his constitutional rights were violated and seeking injunctive relief and damages against a federal agency. Venue for a civil action against a federal officer or agency lies:

> in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff resides in Brooklyn, Kings County, New York. Kings County is located in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Venue for Plaintiff's claims is therefore proper under Section 1391(e)(1)(C) in the Eastern District of New York.

The United States Department of Justice, as a federal agency, can be considered a resident of every judicial district in the nation. Venue is therefore proper for this action under Section 1391(e)(1)(A) in every judicial district in the nation, including this District and the Eastern District of New York. Plaintiff does not explicitly state where the events giving rise to his claims occurred. He alleges that the events "started" in the Bronx in 2018, but the majority of his allegations involve ongoing searches and surveillance. Such ongoing surveillance, including allegedly gathering information from Plaintiff's phone and "real-time" tracking of him (ECF 1, at 3), presumably occurred, in substantial part, at and around Plaintiff's residence in Brooklyn. Venue may therefore be proper under Section 1391(e)(1)(B) in both this District and the Eastern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see*

*also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. Plaintiff and Defendant reside in Brooklyn, which is where a substantial part of the events giving rise to Plaintiff's claims appear to have occurred. It therefore is reasonable to expect that relevant documents and witnesses also would be in Brooklyn. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York.[1] 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees and whether Plaintiff is entitled to preliminary injunctive relief are determinations to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

---

[1] Plaintiff filed a related case statement seeking to have this action deemed related to a previous action he brought in this court, *Reeves v. United States*, No. 19-CV-8629 (SN) (S.D.N.Y. Sept. 24, 2024). Because that action is closed and no longer pending, this action may not be deemed related to the closed case. *See* Rules for the Div. of Business Among Dist. Judges 13(a)(2)(B).

3

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 14, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                      Chief United States District Judge