UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL REEVES,<br><br>                      Plaintiff,<br><br>-against-<br><br>UNITED STATES DEPARTMENT OF JUSTICE; THE DEPARTMENT OF HOMELAND SECURITY; NATIONAL SECURITY AGENCY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>                      Defendants. | 25-CV-3405 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. In the original complaint, Plaintiff asserted federal constitutional claims against the United States Department of Justice ("DOJ"). By order dated May 14, 2025, the Court transferred this action, under 28 U.S.C. § 1404, to the United States District Court the Eastern District of New York. (ECF 8.) Because Plaintiff brought constitutional claims against a federal agency, the Court applied the venue provision found in 28 U.S.C. § 1391(e)(1), and determined that, because Plaintiff and DOJ reside in Brooklyn, New York, and because the events giving rise to Plaintiff's claims occurred in Brooklyn, transfer to the Eastern District of New York was appropriate under Section 1404.

On May 13, 2025, Plaintiff filed an amended complaint. (ECF 9.) The amended complaint was not entered on the docket until May 14, 2024, after the Court had already issued its transfer order. In the amended complaint, Plaintiff brings constitutional claims and also asserts claims under the Federal Tort Claims Act ("FTCA"). He again names DOJ as a defendant and adds as defendants the Department of Homeland Security, the National Security Agency, and United States Immigrations and Customs Enforcement. After reviewing the amended complaint,

the Court concludes that transfer of this action under Section 1404 to the Eastern District of New York is still proper.

Venue for Plaintiff's constitutional claims is proper in the Eastern District of New York for the reasons stated in the Court's May 14, 2025 order. With respect to Plaintiff's newly asserted claims under the FTCA, they must be brought "in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Because Plaintiff resides in Brooklyn, and because the amended complaint alleges that acts giving rise to his claims occurred in Brooklyn, venue for Plaintiff's FTCA claims is also proper in the Eastern District of New York.

For these reasons, transfer of this action to the Eastern District of New York remains proper.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: May 16, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge