UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MICHAEL REEVES,

    *Plaintiff,*

- against -

UNITED STATES DEPARTMENT OF JUSTICE;
THE DEPARTMENT OF HOMELAND
SECURITY; NATIONAL SECURITY AGENCY;
U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT,

    *Defendants.*

**MEMORANDUM & ORDER**
25-cv-2857 (NRM) (MMH)

---

MICHAEL REEVES,

    *Plaintiff,*

- against -

PAM BONDI, in her official capacity as the U.S.
Attorney and head of the United States
Department of Justice (DOJ); KASH PATEL, in
his official capacity as the Director the FBI; TULSI
GABBARD, in her official capacity as the Director
of National Intelligence,

    *Defendants.*

25-cv-3021 (NRM) (MMH)

---

**NINA R. MORRISON,** United States District Judge:

    *Pro se* plaintiff Michael Reeves filed the above-captioned actions, *Reeves v. United States Department of Justice*, 25-CV-2857 (NCM)(MMH) ("*Reeves I*") and *Reeves v. Bondi*, 25-CV-3021 (NRM) (MMH) ("*Reeves II*") in the United States District Court for the Southern District of New York. On May 22, 2025, *Reeves I*

was transferred to this Court. On May 30, 2025, *Reeves II* was transferred to this Court. The actions are consolidated solely for the purpose of this Order. Plaintiff's requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 are granted solely for the purpose of this Order.[1] For the reasons discussed below, Plaintiff's actions are **DISMISSED,** and Plaintiff is warned against future frivolous *in forma pauperis* complaints.

## BACKGROUND

Both actions concern what Plaintiff alleges has been longstanding, constant surveillance by the United States government. He states that the unrelenting surveillance, allegedly imposed pursuant to Foreign Intelligence Surveillance Act ("FISA") Section 702, has affected every aspect of his life.

In *Reeves I*, the complaint naming the United States Department of Justice as the defendant, Plaintiff alleges that "he was maliciously added to the terrorist watch list" and "is continuously followed, harassed and tortured by organized groups using intelligence from illegal data" that is "gather[ed] from his personal devices" and via drones and helicopters. ECF No 1 at 2. The amended complaint, which adds the Department of Homeland Security, the National Security Agency and U.S. Immigration and Customs Enforcement as defendants, outlines a series of incidents over the past approximately two years in which he has been allegedly surveilled and harassed. ECF No. 9. He alleges that he was first added to the

---

[1] The Court notes that Reeves's applications, which are identical except for their captions, contain inconsistent information about his employment status and income and inadequate information about his financial obligations.

"terrorist watch list" in February 2021 and since that date has been continuously harassed by "organized teams of agents and drones overhead" ECF No. 9 at 5.[2] The amended complaint outlines incidents between June 4, 2023 and May 2025 in New York and North Carolina in which, *inter alia*, defendants "chased down interstate 95 south, and shot him with low frequency sounds, injuring his eyes and ears," "persistently ambushed [him] by a drone that flew exceedingly low overhead following him from Walgreens, to a restaurant, the laundromat, mechanic shop, corner store and finally back home." *Id.* at 1, 5. He seeks damages of twenty million dollars. *Id.* at 22.

Plaintiff brings *Reeves II* as a "petition for a writ of habeas corpus." He does not allege that he is physically in defendants' custody, but argues that the "extreme surveillance" he is under has resulted in a form of "unusual detention" from which he seeks release. ECF No. 1 at 1–6. He names as respondents, Pam Bondi, the United States Attorney General, Kash Patel, the Director of the FBI, and Tulsi Gabbard, the Director of National Intelligence. The allegations in *Reeves II* are consistent with *Reeves I,* that is, he alleges that "every move, every word, every keystroke are monitored, recorded and exploited under FISA Section 702," and the "torment" and "constant threat of loud drones hovering overhead" makes it "impossible for him to leave his home." *Id.* at 2.

---

[2] The Court quotes all of Plaintiff's submissions verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Court's obligation "to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings. *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020) (summary order) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).

A district court shall review an *in forma pauperis* action and dismiss it where it finds the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

A court may dismiss a claim as "factually frivolous" if the sufficiently well-pleaded facts are "clearly baseless"—that is, if they are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Neitzke v.*

4

*Williams*, 490 U.S. 319, 325, 327, 328 (1989)).  The Court finds that Reeves's allegations meet that standard, and therefore dismisses these actions as frivolous. 28 U.S.C. § 1915(2)(B)(i); *Denton*, 504 U.S. at 33 ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

Moreover, the Court notes that Plaintiff is a prolific filer of *pro se* complaints. The Court now issues another warning to Plaintiff against future frivolous filings. The Court takes judicial notice of the May 7, 2025 Order of the United States District Court for the Middle District of North Carolina in *Reeves v. United States of America,* No. 24-CV-1108 (CCE)(JLW), ECF No. 17 at 11–13, in which that Court dismisses Plaintiff's claims that the "United States is using directed energy weapons, 'voice-to-skull technology,' drones and aircraft, "artificial sun and moon,' radiation, 'sonic/microwave weapons,' and other 'devices' to torment, assail, torture, surveil, and otherwise harm him"  and details plaintiff's extensive filings in that court and his litigation history in the federal courts. Plaintiff has filed "forty lawsuits in no fewer than nine jurisdictions" including the Second, Third, Fourth, and the District of Columbia Courts of Appeals, and the District of New Jersey, the District of the District of Columbia, the Middle District of North Carolina, the Eastern District of New York,[3] and the Southern District of New York.  *Id*. at 1–11 (describing each

---

[3] Plaintiff has filed seven prior actions in this Court. In addition to the four cases listed by the District of North Carolina: *Reeves v. Metropolitan Detention Center of Brooklyn et al.*, 15-CV-3262; *Reeves v. Holder et al.*, 15-CV-1145; *Reeves v. City of New York et al.*, 24-CV-2408; and *Reeves v. Immigration and Naturalization*

filing), 11–13 (listing each case by jurisdiction).

Like the Middle District of North Carolina, *Id.* at 15–17; ECF No. 19 (Order and Judgment), this Court warns plaintiff against future frivolous filings. The ability to litigate *in forma pauperis* is regarded as a privilege and may be denied if abused. *In re Anderson*, 511 U.S. 364, 366 (1994); *In re Sindram*, 498 U.S. 177, 179–180 (1991) ("In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny *in forma pauperis* status to those individuals who have abused the system."); *Polanco v. Hopkins,* 510 F.3d 152, 156 (2d Cir. 2007) (noting that the ability to proceed *in forma pauperis* "'is not a constitutional right,' but rather 'a congressionally created benefit'" (quoting *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999)). The Second Circuit has held that a district court not only has the authority, but also an obligation, to deny this benefit to a litigant who has demonstrated a history of filing frivolous and vexatious claims. *See In re Martin–Trigona,* 737 F.2d 1254, 1261 (2d Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."). The Second Circuit has upheld the district court's authority to issue a filing injunction "when a plaintiff abuses the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive proceedings." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (*per curiam*) (internal quotation marks

---

*Service et al.*, 14-CV-4709, Plaintiff has filed three other cases: *Reeves v. Immigration and Naturalization Services, et al.*, 14-CV-4709*; Reeves v. Excelsior College*, 15-CV-152; and *Reeves v. New York City Housing Authority et al.*, 23-CV-3646.

omitted and alterations adopted). However, it is the "the unequivocal rule in this Circuit that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005) (alterations adopted) (quoting *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998)).

The Court has considered Plaintiff's litigation history and his persistence in filing frivolous actions containing incredible and at times incomprehensible allegations. Plaintiff has taxed the resources of the federal courts as "[e]very paper [he has] filed with the Clerk of this Court, no matter how repetitious or frivolous, require[d] some portion of the institution's limited resources." *In re McDonald*, 489 U.S. 180, 184 (1989). Plaintiff has clearly exceeded the reasonable access to the courts afforded to him by the *in forma pauperis* statute and "abuse[d] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive proceedings." *Lau*, 229 F.3d at 123 (internal quotation marks omitted and alterations adopted).

This Order shall serve as a warning that the Court hopes will deter Reeves from further frivolous filings. Should he persist in filing frivolous actions in this Court, the Court may direct Reeves to show cause why an Order barring the acceptance of any future *in forma pauperis* complaints for filing in this Court without first obtaining leave of the Court should not be entered. 28 U.S.C. § 1651.

## CONCLUSION

For the reasons stated above, these actions are dismissed as frivolous. 28 U.S.C.

§ 1915 (e)(2)(B)(i). Furthermore, the Court notifies Reeves that if he files any further frivolous *in forma pauperis* actions, the Court may direct him to show cause why an order should not be entered barring the filing of future *in forma pauperis* complaints without leave of the Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgments, close these cases, mail a copy of this Order to Plaintiff and to note the mailing on the docket.

**SO ORDERED.**

/s/ NRM
NINA R. MORRISON
United States District Judge

Dated:     July 16, 2025
           Brooklyn,
           New York